FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

AUG 08 2019

MITCHELL R. ELFERS
CLERK OF COURT

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

In the Matter of the Search of  )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. 19-951 MR
)
15125 Montezuma RD SE, Deming, NM 88030 )
)
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See attachment A

located in the _____ District of ___New Mexico___, there is now concealed *(identify the person or describe the property to be seized)*:

See attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 922(g)(1) | -Felon in possession of a firearm |
| 26 USC 5861(c) | -Possession of an unregistered firearm in the (NFRTR) |
| 18 USC 922(a)(6) | -Providing false information on ATF Form 4473 when acquiring a firearm(s). |

The application is based on these facts:

See attachment C

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

B. Sterling Nixon, Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: 8/8/19

_____
Judge's signature

City and state: Las Cruces, NM        Carmen Garza, U.S. Magistrate Judge
Printed name and title

## ATTACHMENT A

### DESCRIPTION OF PROPERTY TO BE SEARCHED

The target residence is located at 15125 Montezuma RD SE, Deming, NM 88030. The area to be searched is described as the following: one single-wide trailers with two add ons (the singlewide is faces south); two mobile campers; any vehicles (whether operable or not) on the property. Any sheds, trailers, and storage areas. Any area within the entire property (approximately 6.5 acres).



## ATTACHMENT B

### ITEMS TO BE SEIZED

Evidence of violations of 18 United States Code § 922(g)(1), and 18 United States Code § 5861:

- Any and all records, photographs, and documents, however stored, phones, memory sticks, flash drives, computer towers, iPads, relating to violations of Title 18 United States Code Sections 922(g)(1).

- Any and all firearms and/or ammunition, and records and documents, however stored, phones, memory sticks, flash drives, computer towers, iPads, relating to violations of Title 18 United States Code Sections 922(g)(1).

- All unregistered NFA Weapons to include but not limited to: grenades, destructive devices, silencers, and machine guns. Improvised explosive devices and unassembled components of these devices, to include grenade casts, gun powder, smokeless powder, fuses, photographs of firearms and receipts of the purchase these items; other tangible properties as to the purchase, acquisition, ownership, maintenance, sale or transfer of NFA firearms and any other items that constitute contraband; an records and documents, however stored, phones, memory sticks, flash drives, computer towers, iPads, relating to violations of Title 26 United States Code Sections 5845, 5861(c), and 5861(d).

- Indicia of ownership of any and all occupants of the residence.

## ATTACHMENT C - AFFIDAVIT IN SUPPORT OF ORDER AUTHORIZING SEARCH WARRANT

I, Boyd Sterling Nixon, being duly sworn, state as follows under oath:

1. Your Affiant, Boyd Sterling Nixon, is a Special Agent (S/A) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and has been so employed since May 17, 2015. Prior to April, your Affiant worked for approximately four and a half years as an Agent with the United States Border Patrol. Your Affiant maintains a Bachelor's Degree in English from Brigham Young University. As part of training to become an ATF Special Agent, your Affiant attended six months of specialized training sponsored by the Federal Law Enforcement Training Center in Glynco, Georgia. As a result of this training, your Affiant has been certified as a federal investigator and has received specific training involving violations of federal law. Your Affiant has also received ATF specific training in the determination of probable cause and in the use of warrants and complaints to enforce federal firearms laws. Your Affiant is currently assigned to the Las Cruces, New Mexico Field Office.

2. Your Affiant, being duly sworn, states the following to be true and correct to the best of his knowledge and belief based upon his personal observations and from information provided by knowledgeable law enforcement agents and officers who are involved in the investigation Jeffery MARSHALL and Melissa MARSHALL. The facts outlined in this narrative are not meant to be a complete narrative of all that has occurred in connection with this investigation, but are only a summary of facts necessary to set forth probable cause in support of the criminal complaint and does not purport to set forth all of the Affiant's knowledge regarding this investigation.

3. As a result of my training and experience as an ATF Special Agent, I am familiar with federal criminal laws and know that it is a violation of Title 18 United States Code, Section 922(g)(1), for any person, having previously been convicted of a felony to possess any firearm, which has been shipped or transported in interstate commerce; Title 18 U.S.C § 922(a)(6)

when an individual provides false information, with respect to a material fact, on ATF Form 4473 in an attempt to acquire a firearm; and Title 26 United States Code, § 5861(d) for any person to possess a firearm, as defined in that statute, which is not registered to him or her in the National Firearms Registration and Transfer Record (NFRTR).

4. On August 6, 2019, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Special Agents (SA) Sterling Nixon interviewed Paul McClarin, owner and operator of D.A.M. Ammo. Mr. McClarin has provided copious amounts of credible information that has led to a myriad of investigations and prosecutions in the past.

5. Mr. McClarin stated that May 24, 2019, an individual named Melissa MARSHALL and her husband, Jeffrey Alan MARSHALL came into the D.A.M. Ammo store. Mr. McClarin stated that the couple traded multiple firearms in exchange for a Winchester, Model 70, .223 caliber rifle, bearing serial number G2539061. Mr. McClarin stated that the couple had traded six rifles and three black powder rifles, including the following:

   - Remington, Model 870 Wingmaster, 12 gauge shotgun, bearing serial number 1295386V.
   - Ruger, model 60, .17 HMR caliber, bearing serial number 702-66783.
   - NAA, Model Pug, .22 Magnum, bearing serial number W36858.
   - Winchester, Model 94, 30-30 rifle, bearing serial number 5121257.

6. Mr. McClarin stated that the firearms that the couple had brought in were very dusty and appeared to have been in storage for an extensive amount of time. Mr. McClarin stated that the couple appeared to be "gun people" or individuals who enjoy possessing and shooting firearms. Mr. McClarin stated that both Melissa and Jeffery MARSHALL talked about going shooting.

7. On August 2, 2019, Mr. McClarin stated Jeffrey MARSHALL and Melissa MARSHALL again returned to the D.A.M. Ammo store. Mr. McClarin mentioned that they had been given the firearms that they had previously traded in from a neighbor after her husband had passed away. Jeffrey MARSHALL stated that the individual who had previously owned the firearms was a war veteran and had a large collection of firearms (around seventy). Jeffrey

MARSHALL stated that it was somewhat frustrating because many of the "uppers" he found did not fit the "lowers". An "upper" typically refers to the top part or slide of a firearm. A "lower" refers to the frame or receiver and typically has a serial number on it.

8. According to the training and experience of your affiant, many of the older models of Colt M4's had larger pins utilized to secure the upper and lower receiver, and consequently, would not be able to fit a modern receiver. Mr. McClarin also stated that on August 2, 2019, Jeffrey MARSHALL also purchased a trigger group assembly from the store for approximately $35 dollars. A trigger group assembly is a part needed to complete the assembly of an M4.

9. Mr. McClarin stated that on August 2, 2019, Jeffrey MARSHALL said that along with the firearms they possessed, there were several explosives as well, to include, grenades, mortars, and claymores. Mr. McClarin stated that Jeffrey MARSHALL had to describe the tube that the mortars are placed in because he did not know what they were called. Mr. McClarin stated that Jeffery MARSHALL said the grenades were packaged in straw or hay. Mr. McClarin stated that according to his knowledge, grenades had once been packaged in straw or hay by the military. Mr. McClarin stated that Jeffery MARSHALL had relayed to him that he had used one of the grenades and that "it worked."

10. On August 7, 2019, Mr. McClarin provided to your affiant surveillance footage of when Jeffery MARSHAL and Melissa MARSHALL were in the D.A.M. Ammo store on August 2, 2019. Your affiant was able to review some of the footage. In the footage, Jeffery MARSHALL can be clearly be seen handling two different firearms. Melissa MARSHALL observes, but does not touch the firearms. Mr. McClarin confirmed that the firearms Jeffery MARSHALL handled were real firearms.

11. On May 24, 2019, when Melissa MARSHALL filled out the form to purchase the firearm (ATF Form 4473), she put that her address as being 3248 Hickory, Groves, TX 77619.

12. On August 7, 2019, Officer Alex Ferrell with the City of Groves went to 3248 Hickory, Groves, TX 77619. Officer Alex Ferrell spoke with Beverly Brousseard, the current resident of the address. Mrs. Beverly Brousseard stated that Melissa MARSHALL is her daughter and

has not lived at the residence for five years. Mrs. Beverly Brousseard stated that Melissa MARSHALL currently lives in New Mexico.

13. On August 5, 2019, your affiant, utilizing a law enforcement database, queried the address for Melissa MARSHALL. Your affiant received the possible results for recent addresses of Melissa MARSHALL:

    a. 4774 Highway, Unit 15, 38 Pinos Altos, NM 88053 (November 2017- July 2018).
    b. 15125 Montezuma Rd., SE Deming, NM, 88030 (March 2019)

14. On August 6, 2019, Silver City Police Detective Jory Bascom went to the property of 4774 Highway, Unit 15, 38 Pinos Altos, NM 88053 in an effort to locate Melissa MARSHALL. Detective Jory Bascom spoke to Mary Humphrey, owner and operator of the property. Mrs. Humphrey stated that she recalled Melissa MARSHALL and her husband living on the property about a year ago, but that they had since moved to Deming, NM. Detective Jory Bascom showed Mrs. Humphrey a picture of Melissa MARSHALL and Mrs. Humphrey confirmed that the individual in the photograph is the same individual that had moved off the property and was now residing someplace in Deming, NM.

15. On August 7, 2019, Detective Chris Seats with the Luna County Sheriff's office went to the County Clerk's office of Luna County and received a copy of a Warranty Deed of a property in Deming, NM. The Warranty Deed was between Arthur and Dolores Pacheco and Jeff and Melissa MARSHALL.

16. On August 7, 2019, Detective Seats interviewed Arthur Pacheco. Mr. Pacheco stated that he did indeed sell a property located on 15125 Montezuma Rd, Deming, NM to Jeff and Melissa MARSHALL. Mr. Pacheco stated that initially Jeff and Melissa MARSHALL were leasing the property, but eventually they purchased it. Mr. Pacheco stated that the MARSHALLS have been living on the property for a while.

17. On August 6, 2019, your affiant and Luna County Deputy Chris Seats conducted mobile surveillance of 15125 Montezuma Rd., SE Deming, NM 88030. Your affiant was able to

clearly see two boxes stacked on top of each other that had firearm targets attached to them. The targets appeared to be riddled with bullet holes.

18. Your Affiant knows from personal experience as a law enforcement officer and an ATF Agent, and in particular, from participation in the execution of search warrants authorizing the seizure of firearms, that those who own and possess firearms and ammunition generally maintain possession of them for long periods of time. Persons who own firearms generally keep them on their persons, in their residence and motor vehicles, or in places where they store their personal property. The reasons owners of firearms generally maintain and preserve them over a long period of time include the facts that firearms are often expensive, there is an administrative delay in buying them (particularly true for convicted felons who must obtain firearms by subterfuge), and do not easily wear out. Firearms are not depleted through use, nor are they exchanged immediately after being obtained. Firearms are like expensive tools, which their owners keep and maintain over long periods of time. The reasons owners of firearms generally maintain firearms and ammunition in or about their home, business or vehicles include the facts that maintenance of them in or about their home, business or vehicle permits easy access to the firearms, and firearms and ammunition must be maintained in an environment where they will be secure from theft, as well as safe from rust and corrosion. In the residence, business, vehicle, and on the person, the firearm is readily available in the event the need for its use arises.

19. Your Affiant also knows through personal experience and training that most individuals who purchase or possess firearms and/or destructive devices retain certain documents relating to those purchases, such as sales receipts, factory warranties, manuals, instructions on use, and canceled checks, and other miscellaneous documents among their personal property. Your Affiant also knows through experience and training that almost without exception individuals who possess firearms also possess related items such as gun cases, ammunition, gun cleaning supplies and equipment, related to the care and maintenance of the firearms.

20. On August 7, 2019, your affiant reviewed Jeffery MARSHALL's criminal history and found multiple felony arrests. Intelligence Research Specialist (IRS) David Frankel contacted a County Clerk at the Clermont County in Ohio. The Clerk was able to email IRS Frankel a

copy of the Judgement and Sentencing. According to the court document, on February 27, 1991, Jeffery MARSHALL pled guilty to Trafficking Marijuana (a third degree felony). Jeffery MARSHALL's sentence was initially suspended, but later Jeffery MARSHALL's probation was revoked and his sentenced was reimposed. According to 18 USC 922(g)(1) this felony conviction prohibits Jeffery MARSHALL from possessing firearms.

21. Based on your affiant's training and experience as an ATF Special Agent, after reviewing the descriptive information of the firearm purchased by Melissa MARSHALL and the two firearms briefly possessed by Jeffery MARSHAL, it is your affiant's opinion that the firearms were not manufactured in the State of New Mexico and were received and/or possessed in the State of New Mexico, having traveled in or affected interstate commerce.

22. Based upon the above information, your affiant believes that on or about on or August 2, 2019, Jeffery MARSHALL possessed two firearms, in violation Title 18 U.S.C § 922(g)(1); on May 24, 2019, Melissa MARSHALL provided false information (her listed address), with respect to a material fact, on ATF Form 4473 in a successful attempt to acquire a firearm, in violation of Title 18 U.S.C § 922(a)(6); that Jeffery MARSHALL may currently possess at his aforementioned residence one or more firearms that have traveled in interstate commerce, in violation of Title 18 U.S.C § 922(g)(1); and that Jeffery and Melissa MARSHALL may currently be in possession of destructive devices at their aforementioned residence, in violation of 26 U.S.C § 5861. It is your affiant's belief that ammunition, additional firearms, and destructive devices may be found at the aforementioned residence.

23. This search warrant was reviewed and approved by Assistant United States Attorney Maria Armijo.

_____
B. Sterling Nixon, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

**Subscribed and sworn to before**

me this day 18th of August, 2019

_____
Carmen Garza, United States Magistrate Judge